IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Shannon Miles Lancaster, | ) | Civil Action No. 7:17-cv-02804-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Justin Horton and Lorin Williams, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a prisoner proceeding pro se and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Plaintiff subsequently moved to Amend his Complaint.[1] (ECF No. 12). On December 19, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 13). The court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the potential consequences if he did not respond adequately to Defendants' motion. (ECF No. 14). Plaintiff then filed his Response in Opposition to the Defendants' Motion to Dismiss. (ECF No. 19). Defendants filed a Reply to Plaintiff's Response. (ECF No. 21). Plaintiff subsequently filed a "Motion to Clarify Defendants' Reply," which was essentially a response to Defendants' Reply. (ECF No. 22). On February 5, 2018, Plaintiff filed a Motion for Summary Judgment. (ECF No. 23). Defendants filed a response (ECF No. 24) and Plaintiff replied (ECF NO. 26).

---

[1] The magistrate judge granted this motion on January 3, 2018, after Defendants had filed the Motion to Dismiss. (ECF No. 17). The amendment effectively withdrew Plaintiff's claims against Defendants in their official capacities. Therefore, the court treats Plaintiff's Complaint as having been filed only against Defendants in their individual capacities.

1

Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 28), which recommends that the court grant Defendants' Motion to Dismiss (ECF No. 13) and find Plaintiff's motions (ECF Nos. 22, 23) as moot. Plaintiff was advised of his right to file objections to the Report. (ECF No. 28-1). After the Report was mailed to Plaintiff, Plaintiff filed a second Motion to Amend his Complaint, seeking to withdraw his claim for false arrest. (ECF No. 30). Plaintiff then filed objections to the Report (ECF No. 31). Defendants responded to Plaintiff's Motion to Amend (ECF No. 33), and Plaintiff replied (ECF No. 36).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

Plaintiff alleges that on March 15, 2016, Defendants initiated a traffic stop on a vehicle in which he was a passenger. (ECF No. 1 at 4). At the time of the traffic stop, the driver and Plaintiff were leaving 713 Lanyon Lane, in Spartanburg, South Carolina. *Id.* Plaintiff contends that Defendants did not witness him committing a crime and that he had no active warrants for

2

his arrest. *Id.* Plaintiff further asserts that Defendants were in an unmarked pickup truck, which Plaintiff claims to be "not standard procedure" for conducting traffic stops. *Id.* at 5. Plaintiff alleges that he was "profil[ed]" and "targeted" by Defendants, because they recognized him. *Id.*

Once Defendants conducted the traffic stop, they discovered that the driver's license was suspended. (ECF No. 1-1). According to the incident report, which Plaintiff attached to his Complaint, the driver exited the vehicle when asked and consented to a search of the vehicle. *Id.* However, Plaintiff states that Defendant Williams then made Plaintiff step out of the vehicle and searched him without permission and without a search warrant. (ECF No. 1 at 5). As a result of this search, Defendant Williams recovered "a small amount of drugs" and $5,683 in cash from Plaintiff's pockets. *Id.* According to Plaintiff, Defendant Horton "tricked [him] into signing [his] money over in a forfeiture" because Plaintiff was stressed and under duress at the time he signed the money over. *Id.* Plaintiff further asserts that he erroneously believed that he was signing a Miranda waiver, not a property seizure form. *Id.* Plaintiff contends that he was subsequently arrested. *Id.* Finally, Plaintiff notes that the state dismissed the charges from the traffic stop on March 14, 2017. *Id.* at 10.

In the instant action, Plaintiff alleges that Defendants' actions violated his Fourth and Fourteenth Amendment rights based on "profiling, wrongful arrest, and unreasonable searches." *Id.* at 7. As a remedy, Plaintiff seeks $700,000 in damages for the violations, loss of time with his family, and emotional distress. *Id.* He also requests that all of his legal costs be paid for by Defendants. *Id.*

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss . . ., factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (citations omitted).

Therefore, a plaintiff's complaint only needs to include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, when "evaluating a civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)," the court must be "especially solicitous of the wrongs alleged." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal citations omitted). Furthermore, when the plaintiff proceeds pro se, the court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, this requirement of liberal construction does not mean that this court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim for relief. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

The magistrate judge provided a thorough report addressing the sufficiency of Plaintiff's claims and recommended that this court grant the Defendants' Motion to Dismiss. (ECF No. 28). Plaintiff filed timely objections to this Report. (ECF No. 31). The vast majority of Plaintiff's objections simply restate his claims or object generally to the magistrate judge's determinations on issues of law without providing a specific basis for why Plaintiff objects. However, Plaintiff has made the following specific objections: (1) that the magistrate judge did not address the fact that Defendants were dressed in plain clothes and driving an unmarked vehicle when they conducted the traffic stop; (2) that Plaintiff objects to the magistrate judge's determination that "an officer's knowledge can reinforce reasonable suspicion" because Plaintiff believes that to be "profiling"; (3) that Plaintiff objects to the magistrate judge's determination on reasonable suspicion because Plaintiff does not believe that Defendants could have reasonable suspicion to conduct a traffic stop without more than just seeing him leave a residence with another person; and (4) that the magistrate judge incorrectly stated that the driver had given voluntary consent for the officers to search the vehicle. (ECF No. 31). The court finds these objections to be without merit, and, accordingly overrules them.

First, while Plaintiff is correct that the magistrate judge did not *directly* address his concern that Defendants were in plain clothes and in an unmarked car, these facts do not entitle Plaintiff to any sort of relief because they did not constitute a constitutional violation. Plaintiff contends that it is improper procedure for investigators who are not patrol officers to conduct traffic stops in plain clothes and unmarked cars. (ECF No. 1 at 5). However, officers often conduct investigative *Terry* stops in plain clothes and unmarked vehicles. *See e.g. United States v. Lender*, 985 F.2d 151, 153 (4th Cir. 1993) (where one officer from the police department and

one officer from the North Carolina Alcohol Law Enforcement Division, both in plain clothes and in an unmarked car, suspecting drug activity, conducted a Terry stop); *United States v. Bull*, 565 F.2d 869, 871 (4th Cir. 1977) (where a plain-clothes detective conducted a "stop and frisk" because he suspected defendants were involved in nearby burglaries).

Furthermore, the undersigned agrees with the magistrate judge's determination that Defendants had the requisite reasonable suspicion to conduct the traffic stop in this case. "[T]he Fourth Amendment permits an officer to conduct an investigative traffic stop when the officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Rodriguez v. United States,* 135 S.Ct. 1609, 1622 (2015) (quoting *Navarette v. California,* 135 S.Ct. 1683, 1687 (2014)); *see also Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (stating that the Supreme Court had previously held that "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has reasonable, articulable suspicion that criminal activity is afoot."); *United States v. Perkins*, 363 F.3d 317, 321–22 (4th Cir. 2004) (concluding that the officers' decision to stop a vehicle was proper because the officer had reasonable suspicion that the occupants were engaged in drug activity). This particularized and objective basis, or "reasonable suspicion," is "determined by looking at the whole picture" and by "taking into account the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Rodriguez*, 135 S.Ct. at 1622 (internal quotations and citations omitted). While this inquiry is fact-based, "individual facts and observations cannot be evaluated in isolation from each other." *United States v. Hernandez-Mendez*, 626 F.3d 203, 208 (4th Cir. 2010). Instead, the court must look at the "totality of the circumstances" to determine if it was objectively reasonable for the officer to suspect that criminal activity was occurring. *Id.* at 207–08.

In this case, Plaintiff contends that the traffic stop was improper because Defendants did not witness Plaintiff commit a crime and because neither Plaintiff nor the driver had any outstanding warrants for his or her arrest. (ECF No. 1 at 4). However, Plaintiff attached Defendants' incident report to his Compliant. (ECF No. 1-1).[2] This incident report shows that Defendants knew the following facts before conducting the traffic stop: (1) that 713 Lanyon Lane ("the residence"), located in Spartanburg, South Carolina, was under surveillance as part of an ongoing narcotics investigation; (2) that during this surveillance, several vehicles had come and gone from the residence; (3) that one of the vehicles that left the residence had been stopped and that during this stop the driver of that vehicle was found to possess methamphetamine; (4) that the Defendants saw a man and woman get into a vehicle that had been parked at the residence for some time; and (5) that the Defendants recognized the man that got in the vehicle as "Shannon Lancaster." (ECF No. 1-1). This court agrees with the magistrate judge and finds that, based on these facts, Defendants had reasonable suspicion to stop the vehicle.

The court does acknowledge that Plaintiff argues that because Defendants recognized him, he was "profiled" and that such a recognition cannot bear on the analysis of whether or not there was reasonable suspicion present. (ECF No. 31 at 1). However, in looking at the totality of the circumstances, an officer's knowledge of the criminal history of a suspect is relevant to the inquiry of whether or not the officer had the requisite reasonable suspicion to conduct a stop and can be properly considered along with the other relevant facts. *See Perkins*, 363 F.3d at 322 (noting in its reasonable suspicion analysis that the officer "identified the passenger as a known drug user . . . which further reinforced his suspicions of possible drug activity"). An officer's knowledge and experience in the field could have reasonably led him to conclude that, based on

---

[2] While this case is before the court on a motion to dismiss, the court may consider not only the complaint but also "documents attached to the complaint" as well as "those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

these facts, that drug-related activity was taking place. Therefore, the court finds that the totality of the circumstances plainly supported Defendants' decision to stop the vehicle and investigate.

Additionally, Plaintiff contends that the magistrate judge erred in stating that the driver of the car voluntarily agreed to the consent of her vehicle.[3] (ECF No. 31 at 3). Plaintiff reasons that the consent was involuntary because the stop was unlawful and because the driver was forced to cooperate in an attempt to prevent being cited for driving with a suspended license. *Id.* However, the Defendants' search of the car is not what lead to the discovery of the money and drugs in Plaintiff's pocket, which were the basis of his arrest. The discovery of this incriminating evidence resulted from the pat-down search of Plaintiff, which was lawful despite the fact that Plaintiff did not consent. The Fourth Circuit has held "in connection with a lawful traffic stop of an automobile, when the officer has reasonable suspicion that illegal drugs are in the vehicle, the officer may, in the absence of factors allaying safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons." *United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998). As stated above, Defendants had reasonable suspicion that there may be illegal drugs in the vehicle and that Plaintiff was involved in drug activity. Therefore, Defendants were entitled to conduct a pat-down search of Plaintiff and the driver to make sure that there were no weapons in their possession. *See id.* Accordingly, the pat-down of Plaintiff was proper.[4]

Furthermore, after the Report had been mailed to Plaintiff, Plaintiff filed a Motion to Amend his Complaint, seeking to withdraw his false arrest claim and to keep his other claims. (ECF Nos. 30). Defendants responded stating that they "do not object to the dismissal of the false

---

[3] The driver of the car was also the owner of the car, as Plaintiff makes clear in his response to the Motion to Dismiss. (ECF No. 19-1 at 1).

[4] Furthermore, even if the consent to search the car was not voluntarily made, Plaintiff cannot challenge the search of the car. *See United States v. Rusher*, 966 F.2d 868, 874 (4th Cir. 1992) (holding that passengers in the vehicle did not have a reasonable expectation of privacy in the vehicle or its contents). Additionally, the court agrees with the magistrate judge's determination and her analysis regarding the fact that Plaintiff "may not rely upon the fruit of the poisonous tree doctrine in a § 1983 action." (ECF No. 28 at 12 n.6).

arrest claim." (ECF No. 33 at 4). The Defendants only object to the motion to amend to the extent that it seeks to add additional claims. *Id.* However, the court does not view the motion to amend as seeking to add any claims because all claims asserted in the Motion to Amend had been previously discussed by the magistrate judge. Plaintiff replied to Defendants' response and asserted the same factual allegations that were already before the court. (ECF No. 58). Therefore, the court grants Plaintiff's Motion to Amend. Accordingly, Plaintiff's false arrest claim is dismissed.

Finally, Plaintiff's Motion to Clarify Defendants' Reply to Motion to Dismiss (ECF No. 22) is simply a reiteration of Plaintiff's opposition to the Motion to Dismiss and simply restates Plaintiff's account of what happened on the day of the arrest. Nothing set forth in the Motion to Clarify cures the deficiencies of Plaintiff's Complaint, and, therefore, the court finds the motion to be futile at this time. Accordingly, the court denies this motion (ECF No. 22) as moot.

### IV. CONCLUSION

Therefore, Plaintiff's Motion to Amend (ECF No. 30) is **GRANTED**, as it adds no additional claims. Additionally, after a thorough review of the Report and the entire record in this case in accordance with the standard set forth above, the court adopts the magistrate judge's Report (ECF No. 28) to the extent that it is consistent with this opinion and incorporates it herein. Accordingly, Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED.** Furthermore, because this order is dispositive of the lawsuit as a whole and because Plaintiff's clarifications do not cure the deficiencies of the Complaint, the Plaintiff's Motion for Summary Judgment (ECF No. 23) and Motion to Clarify Defendants' Reply to Motion to Dismiss (ECF No. 22) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**                                            s/ Timothy M. Cain
                                                                 United States District Judge

June 14, 2018
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.